## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **CAMILLE MACEDON a/k/a KING DERBY,** | |
| Plaintiff, | 2001-CV-0079 |
| v. | |
| **GOVERNMENT OF THE VIRGIN ISLANDS, VIRGIN ISLANDS CARNIVAL COMMITTEE,** | |
| Defendants. | |

TO:　　Lee J. Rohn, Esq.
　　　　Carol Thomas Jacobs, Esq., AAG
　　　　Tamika Archer, Esq., AAG
　　　　Arturo Watlington, Jr., Esq.

### ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER AND GRANTING DEFENDANT GOVERNMENT OF THE VIRGIN ISLANDS' MOTION TO QUASH

THIS MATTER came before the Court upon Plaintiffs' Motion to Reconsider "Admonishments" and Sanctions (Docket No. 221) and Defendant Government of the Virgin Islands' Motion to Quash Amended Notice of Deposition of Alvin Burke (Docket No. 224). Defendant Government of the Virgin Islands filed an opposition to Plaintiffs' motion to reconsider, and Plaintiffs filed a reply thereto. Plaintiffs filed an opposition to Defendant Government of the Virgin Islands' motion to quash, and said Defendant waived its reply by telephone communication with undersigned's chambers.

*Macedon v. Government of the Virgin Islands*
2001-CV-0079
Order Denying Plaintiffs' Motion to Reconsider and Granting Defendant Government of the Virgin Islands' Motion to Quash
Page 2

With regard to Plaintiffs' motion for reconsideration, the Court finds that Plaintiffs fail to persuade the Court that its Order Regarding Plaintiffs' Motion of [sic] Protective Order (Docket No. 218), entered October 19, 2007, requires modification or reversal. Said order granted Plaintiffs' motion wherein Plaintiffs sought a protective order regarding the depositions of Plaintiffs as noticed because of the unavailability of Plaintiffs.

It is well established that a court may issue, "for good cause shown," orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the . . . discovery may be had only on specified terms and conditions . . . ." Fed. R. Civ. P. 26(c)(2). Despite the "admonishments and sanctions" language contained in said order, the Court merely was specifying the terms and conditions upon which the discovery "may be had", as authorized by Fed. R. Civ. P. 26.

Even if the order is construed as actual sanctions, as Defendant Government of the Virgin Islands duly notes in its opposition, it is within the Court's "[s]ound discretion [to] identify and determine the legal basis for each sanction charge sought to be imposed, and whether its resolution requires further proceedings . . . . [This] rule . . . permits some cases to be disposed of on the record and . . . prevents unnecessary expenditure of judicial time." *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1359 (3d Cir. 1990). The Court had ample

*Macedon v. Government of the Virgin Islands*
2001-CV-0079
Order Denying Plaintiffs' Motion to Reconsider and Granting Defendant Government of the Virgin Islands' Motion to Quash
Page 3

evidence before it of Plaintiffs' conduct with regard to the depositions at issue and stated its reasons for the terms and conditions it imposed regarding the rescheduling of the said depositions. Consequently, the Court will deny Plaintiffs' motion to reconsider.

Counsel for Defendant Government of the Virgin Islands maintains that they cannot be in both St. Thomas and St. Croix for depositions scheduled on December 6, 2007. Because the Court will not disturb its Order Regarding Plaintiffs' Motion of [sic] Protective Order (Docket No. 218), entered October 19, 2007, nor the depositions that have been noticed in accordance with said order by Defendant Government of the Virgin Islands, the Court now will grant said Defendant's motion to quash and cancel the deposition of Alvin Burke as noticed for December 6, 2007, in St. Croix. The parties shall meet and confer regarding the re-scheduling of said deposition, which shall be completed on or before January 11, 2008.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiffs' Motion to Reconsider "Admonishments" and Sanctions (Docket No. 221) is **DENIED**.

2. Defendant Government of the Virgin Islands' Motion to Quash Amended Notice of Deposition to Alvin Burke (Docket No. 224) is **GRANTED**.

*Macedon v. Government of the Virgin Islands*
2001-CV-0079
Order Denying Plaintiffs' Motion to Reconsider and Granting Defendant Government of the Virgin Islands' Motion to Quash
Page 4

3. The deposition of Alvin Burke noticed by Plaintiffs in the above-captioned matter for December 6, 2007, at 10:00 a.m. is **CANCELED**.

4. Plaintiffs may issue a new notice of deposition for Alvin Burke, for a mutually acceptable date, time, and location. Such deposition shall be completed on or before **January 11, 2008**.

ENTER:

Dated: November 30, 2007                              /s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE