IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| CAMILLE MACEDON a/k/a KING DERBY AND CALYPSO, INC. | : | CIVIL ACTION |
| v. | : | |
| GOVERNMENT OF THE VIRGIN ISLANDS, et al. | : | NO. 01-0079 |

MEMORANDUM

Bartle, C.J. June 27, 2008

Plaintiffs, Camille Macedon a/k/a King Derby and Calypso, Inc., have sued defendants, the Government of the Virgin Islands (the "Virgin Islands Government") and the Virgin Islands Carnival Committee. They allege that defendants have infringed plaintiffs' right to freedom of speech under the First Amendment to the United States Constitution. Plaintiffs seek injunctive relief, compensatory damages, a declaratory judgment, and punitive damages. Before this court is the motion of defendant, the Virgin Islands Government, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

I.

The following facts are either undisputed or viewed in the light most favorable to plaintiffs, the non-movants. Camille Macedon, also known as "King Derby," is a calypso writer and

performer.[1] Macedon is also the founder of Calypso, Inc., a nonprofit corporation that encourages Virgin Islands children to become involved in calypso music.

The Virgin Islands Carnival Committee is a non-profit corporation that was incorporated in St. Thomas, Virgin Islands on February 27, 1976. It raises money and organizes an annual event known as the Virgin Islands Carnival. One of the features of the Virgin Islands Carnival is the International Calypso Show. Every year local artists and others from the Caribbean are invited and paid to perform at this show.

Many of Macedon's songs are satirical of the Virgin Islands Government and Virgin Islands' politicians. In 1989 Macedon wrote and recorded "Rum and Coke," which took aim at former Governor Alexander Farrelly and former Lieutenant Governor Derrick Hodge. Macedon alleges that at the direction of Governor Farrelly and Lieutenant Governor Hodge, "Rum and Coke" was banned from the radio. According to Macedon, the Virgin Islands Carnival Committee told him that he was no longer welcome to perform at the International Calypso Show although he was later informed that he could do so but only if he refrained from playing "Rum and Coke." Other calypso performers were also advised that they could not perform "Rum and Coke." Plaintiff

1. Webster's New Collegiate Dictionary defines "calypso" as: "a ballad-like improvisation in African rhythm usually satirizing current events first composed and sung in competition in the British West Indies." Webster's Third New International Dictionary (1986).

maintains that the Virgin Islands Government directed the Virgin Islands Carnival Committee not to allow "Rum and Coke" to be played.

Macedon continued to write and perform music that was critical of politicians. According to Macedon, as a result of his satirical music he "continued to not be invited by Defendants to perform at the Calypso contest, due to the Virgin Islands Government's and the Carnival Committee's illegal regulation of the content of Calypso songs ...."[2] Am. Compl. ¶ 17.

In 1993 or 1994, Macedon wrote and recorded the song "Election Brock Out." The song was popular but Macedon was not invited to perform it at the Virgin Islands Carnival.[3] In 2001, Macedon wrote a song called "Turnbull Your Manhole Backing Up" and asked if he could play it during the Virgin Islands Carnival. According to Macedon, the Virgin Islands Government pressured the Virgin Islands Carnival Committee to prohibit him from doing so during the Virgin Islands Carnival and discouraged radio stations from doing so.

In 2002, the Virgin Islands Carnival Committee allowed members of Calypso, Inc. to perform at the St. Thomas Junior Calypso Tent. However, in 2003 the members of Calypso, Inc. were

---

2. It is unclear what "Calypso contest" is referenced in ¶ 17 of the amended complaint; however, given the context of the allegation it seems that the Calypso contest takes place during the Virgin Islands Carnival.

3. Plaintiffs' amended complaint is unclear whether Macedon was invited to play but just prohibited from playing "Election Brock Out" or banned from playing entirely.

not allowed to perform there. Plaintiff maintains that the decision was made in retaliation against Macedon for filing this lawsuit. Specifically, Macedon asserts that Caswil Callender, Executive Director of the Virgin Islands Carnival Committee, was responsible for the prohibition.

John Williams, a member of Calypso, Inc. was named "Calypso King" in January, 2004. The winner of this title is invited to perform at the "St. Thomas International Calypso Tent." As a result, plaintiffs made reservations for Williams and other members of Calypso, Inc. to travel to St. Thomas. In March, 2004 the Virgin Islands Carnival Committee informed plaintiffs that neither Williams nor the other members of Calypso, Inc. would be permitted to participate.

II.

Plaintiff, Macedon, filed his original complaint on May 4, 2001. Magistrate Judge George Cannon granted leave for Macedon to file an amended complaint in which Calypso, Inc. was added as a plaintiff. It also contained the factual allegations from 2002 through 2004 mentioned above. Plaintiffs' amended complaint contains four counts: (1) Count I seeks "an injunction that the Defendants cease and desist using the political content of the songs as a selection criteria as to who will perform and what will be performed at the Calypso event and discontinue depriving Plaintiffs and the public to the right of freedom of speech"; (2) Count II claims that "Defendants have damaged Plaintiffs in that they have not been asked to perform, has [sic]

not been able to sell as many CDs, records and tapes, not been able to perform elsewhere and, thus, has caused them economic loss, loss of reputation, mental anguish, suffering and loss of enjoyment of life, all of which is likely to continue into the foreseeable future"; (3) Count III requests "declaratory relief that the Defendants may not use the political content of a song to determine who performs or what songs may be performed"; and (4) Count IV asserts that "[t]he actions of the Virgin Islands Carnival Committee are so outrageous and done with such reckless disregard for the rights of Plaintiffs and the public as to entitle the Plaintiffs to an award of punitive damages." Am. Compl. at ¶¶ 43, 45, 47, 49. Plaintiffs state that defendants' actions violated the First Amendment to the United States Constitution. They cite no statutory basis for their claims.

On December 20, 2006, the Virgin Islands Government filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In its motion the Virgin Islands Government states:

> Plaintiffs did not identify the specific statute which conferred subject matter jurisdiction over this matter to the District Court. However, Plaintiffs arguably presented facts sufficient that this Court could reasonably find that Plaintiffs intended to bring a civil rights action under 42 U.S.C. § 1983 ... . Accordingly, the [Government] has moved for summary judgment on the theory that this is an action under § 1983. If mistaken, Plaintiffs have clearly failed to plead sufficiently as required under Rule 8(a)(1) of the Federal Rules of Civil Procedure ... .

Mem. of Law in Support of Government of Virgin Island's Mot. for Summ. J. at 3-4.

In response, plaintiffs filed a motion under Rule 56(f) requesting more time for discovery before responding to the Virgin Islands Government's motion for summary judgment. In support of said motion, plaintiffs rely on 42 U.S.C. § 1938.

Our predecessor in this case granted plaintiffs' motion and further discovery was conducted. When this action was transferred to the undersigned, we set a schedule for supplemental briefing of the Virgin Islands Government's motion for summary judgment. The parties have now fully briefed the motion.

III.

The Virgin Islands Government makes three arguments in favor of its motion for summary judgment. First, it asserts that the Virgin Islands Carnival Committee's actions cannot be attributed to it because the Virgin Islands Carnival Committee is not a state actor. Second, the Virgin Islands Government maintains that even if the actions of the Virgin Islands Carnival Committee can be attributed to it, plaintiffs' claim for money damages under § 1983 is prohibited. Finally, the Virgin Islands Government argues that even if the actions of the Virgin Islands Carnival Committee can be attributed to it, the applicable two-year statute of limitations under Virgin Islands' law bars any claims plaintiffs may have against the Virgin Islands Government

prior to May 5, 1999, that is, more than two years before Macedon filed the original complaint.

Plaintiffs' alleged violations of the First Amendment cannot stand on their own because they run headlong into the bar of sovereign immunity. Territorial governments, including the Virgin Islands, are afforded protection from lawsuits "by virtue of the inherent or common law sovereign immunity recognized by the courts as attaching to territorial governments." Sunken Treasure v. Unidentified, Wrecked, & Abandoned Vessel, 857 F. Supp. 1129, 1134 n.10 (D.V.I. 1994). Further, plaintiffs' reliance on 42 U.S.C. § 1983 does not help because § 1983 does not abrogate the Territory's sovereign immunity. It provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity ....

42 U.S.C. § 1983.

For plaintiffs to proceed against the Virgin Islands Government pursuant to § 1983, the latter must be a "person." The Supreme Court, some eighteen years ago, decided that United States Territories are not "persons" under that statute. See Ngiraingas v. Sanchez, 495 U.S. 182 (1990). After an extensive

review of the legislative history surrounding § 1983, the Court reasoned:

> It is evident that Congress did not intend to encompass a Territory among those "persons" who could be exposed to § 1983 liability. "Just as '[w]e are not at liberty to seek ingenious analytical instruments' to avoid giving a congressional enactment the broad scope its language and origins may require, United States v. Price, 383 U.S., at 801, so too are we not at liberty to recast this statute to expand its application beyond the limited reach Congress gave it."

Id. at 191-92 (quoting D.C. v. Carter, 409 U.S. 418, 432 (1973), superseded by statute, Pub. L. No. 96-170, § 1, 93 Stat. 1284 (1979)).

Since the Supreme Court's ruling in Ngiraingas, our Court of Appeals has repeatedly held that the Virgin Islands, as a United States Territory, is not a "person" under § 1983 and thus may not be sued pursuant to that statute. See St. Thomas - St. John Hotel & Tourism Ass'n v. Virgin Islands, 218 F.3d 232, 242 n.5 (3d Cir. 2000); Durant v. Husband, 28 F.3d 12, 14 n.1 (3d Cir. 1994); Brow v. Farrelly, 994 F.2d 1027, 1037 (3d Cir. 1993). The Virgin Islands Government is therefore an impermissible defendant to an action under § 1983. Plaintiffs have stated no other claim for relief, and accordingly, we will enter judgment in favor of the Virgin Islands Government.